### ROBERT LITTLE V. STATE OF OHIO.

**1. FAILURE TO FILE TRANSCRIPT DOES NOT DESTROY JURISDICTION.**

Failure to file transcript with the petition in error does not deprive the court of jurisdiction to review errors in the record before them.

**2. APPELLATE COURT MAY ORDER TRANSCRIPT.**

The circuit court may order and require a proper transcript of the record of the court of common pleas, to be filed, and if done, proceed to review the judgment of the latter court affirming a judgment of the police court of Cincinnati, the defendant having been duly served with process, where the petition in error is accompanied by a transcript of the record of the police court and an incomplete transcript of the docket and journal entries of the court of common pleas.

**3. TRANSCRIPT MUST SHOW JURISDICTIONAL FACTS.**

As the transcript of the record of the proceedings in the police court did not show that a motion for a new trial was made, nor that a bill of exceptions was allowed, the questions supposed to arise on the bill of exceptions, which appears on record, can not now be considered.

**4. ACT REQUIRING LICENSE TAGS ON VEHICLES IS CONSTITUTIONAL.**

The act of April 15, 1892, (89 O. L., 303,) is a legitimate exercise of the police of the state, and is not invalid or unconstitutional as being in the nature of class legislation, or because it imposes greater burdens upon persons owning one or more kinds of vehicles.

**5. INFORMATION FOR VIOLATION MUST AVER THAT LICENSE WAS TAKEN OUT.**

Section 2672-1a, Rev. Stat., requires a license to use vehicles in a street, but the offense created by this act is the using of certain vehicles upon the streets for which an annual license fee is required, and which license has been taken out, *without exhibiting* thereon tin plate signs "indicating the year for which said license has been taken out." The information in the police court contains no averment that a license for the vehicle had been issued, and the demurrer thereto should have been sustained.

ERROR to Hamilton county Court of Common Pleas.

SMITH, J.

It is objected that we can not properly review the judgment of the court of common pleas affirming the judgment of the police court, for the reason that there is not a certified transcript of the record of the court of common pleas attached to or accompanying the petition in error. This seems to be required by secs. 7357 and 7358, Rev. Stat., in all petitions in error in criminal cases. Our practice has been to require a compliance with this express provision, but we have not held, nor does it seem to us that we are required to hold, that unless the transcript is filed with the petition in error that the court has no jurisdiction of the case, but that under the terms of the last clause of sec. 7358, we might properly after the filing of the petition without such complete transcript—say with only a transcript of the journal entries, as in proceedings in error in civil cases—order and require a proper transcript of the record to be filed, and then proceed to determine the case; and in this case, on proper application, an order of this court would be made and the case heard and decided.

But as the case has been argued, as if it were properly here, we state our view of it. In our opinion, however, the record of the police court (a transcript of which is before us) is not in such shape as would allow us to consider the question whether the judgment of that court on the evidence was in accordance with the evidence and the law. The transcript shows that, after the overruling of the demurrer to the information, a plea of not guilty was entered by the defendant, and evidence was heard by the court; the defendant was found guilty and sen-

tenced to pay a fine of $10.00 and costs. ·No motion for a new trial was made so far as the record shows, and there is no entry of an allowance of a bill of exceptions by the court, but in the record appears what purports to be a bill of exceptions, signed by the judge of the court, which recites that the case was heard on the agreed statement of facts, made part thereof, and that this was the only evidence offered on the trial.

This bill can not be looked at for two reasons: First, because the journal of the court does not show that it was allowed by the court; and, second, because there is no motion filed for a new trial. To raise the question of the judgment being against the evidence, it seems to be essential that a motion for a new trial on that ground should have been filed and overruled, and a bill of exceptions intended to present such question, and certified to contain all the evidence, can not be considered for this purpose, unless those steps have been taken. *Holt* v. *Lamb*, 17 O. S., 374–384; *Ide* v. *Churchill*, 14 O. S., 372.

The only question which remains is, whether the demurrer to the information was properly overruled by the court. The defendant below excepted to the ruling on this point, and the question is before us whether the information charged him with an offense punishable by the laws of the state.

This raises the question argued to us whether the statutes of April 15, 1892, 89 O. L., 303, upon which this information is based, is invalid and unconstitutional in this, as being in the nature of class legislation and imposing greater burdens upon persons owning one or more kinds of vehicles than are imposed by the same law upon persons owning other kinds of vehicles. The legislation of the state upon this point in brief, is this: By the Russell Law (sec. 2672, S. & B. Rev. Stat.), in cities of the first grade of the first class, no person shall engage in certain trades, business or profession, until he shall have obtained a license therefor. And the owners of certain kinds of vehicles used upon the streets of the city (with certain exceptions), were required to take out a license therefor, and pay certain license fees for the same; and by sec. 2672-3 any person who should violate any of the provisions of the act, upon conviction therefor, might be fined not more than $1,000 nor less than $50, or be imprisoned not more than six months, or both.

On April 15, 1892, the act was supplemented by another, entitled "An act to facilitate the enforcement of and collection of license fees in cities of the first grade of the first class." By section 1 it was provided:

"That in cities of the first grade of the first class, all persons or firms using any vehicles, except cabs, hacks, sulkies, buggies and carriages, upon the streets of any such city, shall exhibit in a conspicuous place upon each side of each vehicle, for which annual license fees are required by law to be paid, a tin-plate sign, furnished or to be furnished by the city auditor, *indicating the year for which such license has been taken out.*"

Section 2 requires the auditor to furnish with every license issued for every such vehicle used upon the streets of such city, two tin plates, having printed or painted on them the year for which such license has been taken out. And sec. 3, provides that any person who shall violate any of the provisions of this act shall be fined, on conviction, not more than $50.

In the first place we may say that in our judgment this statute is not open to the objection urged against it; that it is a simple exercise of the police power belonging to the legislature and designed to carry out and effectuate the purpose and intent of the original law—that is, to require the owner of particular kinds of vehicles (presumably for good reasons appearing to the legislature), to exhibit such signs on their vehicles, and thus render the collection of the license fees more sure. The legislature had the same right to say that some kinds of vehicles should exhibit these signs furnished gratuitously, and that others need not do so, that it had to say that some vehicles should pay higher fees for licenses than others, or that under certain circumstances certain vehicles owned and used in a certain way should not pay license fees, though the same

kind of vehicles under other circumstances are to be licensed. That the legislature has the power to so discriminate, we think is settled by the case of *Marmet v. State*, 45 O. S., 63.

But on another ground we are of the opinion that the demurrer should have been sustained. The original statute makes it the duty of the owners of certain vehicles (with certain exceptions) used upon the streets of the city to pay the annual license fee fixed by the statute thereon, and makes the failure to do so a misdemeanor, punishable by a heavy fine or imprisonment, or both. The new statute, as we read it, makes it an offense punishable much less severely for a person using certain kinds of vehicles upon the streets of the city for which an annual license fee is required, and which license has been taken out, not to exhibit the tin-plate signs, "indicating the year for which said license has been taken out." If the license has not been taken out it is no offense not to exhibit the plates, but the owner is liable under the former law for not taking out the license. If it has been taken out and plates are not exhibited, the offense is under the new law. In this information, which is good in other respects, there is no averment that for 1892 (the year in question), a license for this vehicle, had been taken out. Such an averment was necessary to constitute the offense, and the information was fatally defective without it. If the transcript of the record of the common pleas court is filed as required by law the judgment will be reversed.

*Stephens, Lincoln & Smith*, for plaintiff in error.

*Fred. Hertenstein*, Prosecuting Attorney, for defendant in error.